UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

W.W. GAY, *et al.*, as Trustees of the Jacksonville
Plumbers & Pipefitters Local Union 234
Fringe Benefit Funds,

                Plaintiffs,

v.                                         CASE NO. 3:09-CV-01002-J-JBT

BRENCORP, INC., a Georgia corporation,

                Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on (1) Defendant's Motion to Bifurcate (Doc. 28) and Plaintiffs' Response in Opposition to Defendant's Motion to Bifurcate and Memorandum of Law (Doc. 31); (2) Plaintiffs' Motion to Compel Discovery Responses and Memorandum of Law in Support ("Motion to Compel") (Doc. 27) and Defendant's Response to Plaintiffs' Motion to Compel Discovery (Doc. 29); and (3) the need for the Court to enter an Amended Case Management and Scheduling Order in light of its Order dated September 13, 2010 (Doc. 35) vacating the previous Case Management and Scheduling Order (Doc. 23).

For the reasons stated herein, Defendant's Motion to Bifurcate is due to be **GRANTED**. Further, the Court will continue to take Plaintiffs' Motion to Compel **UNDER ADVISEMENT** and order the parties to confer, in person or by telephone, by October 20, 2010, to attempt to resolve the Motion to Compel in light of this ruling. By that same date, Plaintiffs must file a notice with the Court either withdrawing the Motion to Compel or indicating which portions are unresolved. The parties are reminded that the Court must consider an award of expenses, including attorneys' fees, to the prevailing party on a motion to compel. FED. R. CIV. P. 37(a)(5). Finally, by November 9, 2010, the parties must

file an Amended Case Management Report in light of this ruling.

In their complaint, Plaintiffs seek "an order permitting Plaintiff [sic] to audit the books and records of the Defendant to determine the amount of the contributions due to Plaintiffs" and other relief.  (Doc. 1.)  Defendant's Motion to Bifurcate requests an "Order separating the issue of whether an accounting should be ordered from the issue of damages, and further issuing an appropriate Order addressing the permissible discovery between the parties."  (Doc. 28.)

In support of the motion, Defendant cites Rule 42(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> **Separate trials**.  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

In addition, Defendant cites Florida case law recognizing that under Florida law, a  "suit for accounting is a special type, bifurcated proceeding." *Picerne Development Corp. v. Tasca & Rotelli*, 635 So.2d 149, 150 (Fla. Dist. Ct. App. 1994).

In response to the motion, Plaintiffs assert the following reasons not to bifurcate these issues: (1) the Plaintiffs have a substantial likelihood of proving that the Defendant is bound by the collective bargaining agreements ("CBAs") at issue in the case; (2) bifurcation will result in prejudicial delay and expense; (3) bifurcation will eliminate any chance of settlement; and (4) providing the documents requested from Defendant is not a significant burden.[1]

---

[1] Although not argued by Plaintiffs, the Court has considered whether the Motion to Bifurcate should be denied as untimely.  Although the Court is of the belief that the motion should have been filed earlier in the
(continued...)

The Court has considered the arguments of the parties, and reviewed the relevant case law, and finds that although Florida case law is not controlling in this ERISA action, it is persuasive. As Judge Nimmons stated in *Zebouni v. Toler*, 513 So.2d 784, 785 (Fla. Dist. Ct. App. 1987):

> In a suit for an accounting, discovery in the first stage is ordinarily limited to matters relevant to the establishment of the *right* to an accounting and, if such a right is established, discovery proceeds in the second stage to the actual accounting.

The Court does not find Plaintiffs' arguments persuasive. In their response, Plaintiffs "assert that the Plaintiff [sic] should be entitled to conduct the audit and determine the damages . . . without first having a trial on the issue of whether the Defendant is bound by the CBAs." (Doc. 31.) In effect, Plaintiffs are arguing that they should have the right to the relief requested in the complaint, to audit the Defendant's books and records, before they have established that right. The Court disagrees.

As to Plaintiffs' specific arguments, the Court does not agree that "substantial likelihood of success" is an appropriate consideration in the bifurcation analysis in this case. Second, whether bifurcation will result in prejudicial delay and expense is speculative. Similarly, the Court will not speculate if and how bifurcation may affect settlement, but also does not believe that is a material part of the analysis. Finally, although Plaintiffs contend that providing the documents at issue is not a significant burden on the Defendant, Defendant disagrees, and it does appear to the Court that the documents requested are extensive.

---

(...continued)
case, the Court does not consider that adequate grounds for denial.

3

In light of the Court's ruling on the Motion to Bifurcate, the Court will limit discovery at this stage to matters relevant to Plaintiffs' right to an accounting until that right has been established.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Bifurcate (**Doc. 28**) is **GRANTED** to the extent that Plaintiffs must first establish their right to an accounting before actually proceeding with an accounting. Further, discovery is limited to matters relevant to establishment of the right to an accounting until that right is established, either by trial or motion.

2. The parties are **ORDERED** to confer, either in person or by telephone, **by October 20, 2010**, to attempt to resolve the Motion to Compel (**Doc. 27**) in light of this ruling, and for Plaintiffs to file a notice as stated in paragraph three below.

3. The Motion to Compel (**Doc. 27**) is taken **UNDER ADVISEMENT** pending receipt of a notice by Plaintiffs either withdrawing the motion or indicating which portions are still unresolved after the conference ordered in paragraph two herein.

4. **By November 9, 2010**, the parties must file an Amended Case Management Report in light of this ruling, limiting the matters therein to the issue of the Plaintiffs' right to an accounting.

**DONE AND ORDERED** at Jacksonville, Florida, on September 20, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record