UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

W.W. GAY, *et al.*, as Trustees of the
Jacksonville Plumbers & Pipefitters
Local Union 234 Fringe Benefit Funds,

      Plaintiffs,

v.                                    CASE NO. 3:09-cv-1002-J-JBT

BRENCORP, INC., a Georgia
corporation,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Award of Attorney's Fees and Costs ("Motion") (Doc. 106) and Defendant's Response thereto (Doc. 111). The Motion was filed pursuant to the Court's June 4, 2012 Order, in which the Court determined that Plaintiffs should be awarded their reasonable expenses, including attorney's fees, incurred in litigating their third motion to compel (Doc. 83). (Doc. 101.)  The Order directed Plaintiffs to file, by July 2, 2012, a properly supported motion for an award of expenses in the event that the parties were unable to agree on the proper amount thereof.  (Doc. 101.)  Plaintiffs filed their Motion on July 2, 2012, seeking attorney's fees in the amount of $5,670.00 for 18.9 hours of work at an hourly rate of $300.00.  (Doc. 106.)  For the reasons stated herein, the Motion is due to be **GRANTED** only to the extent that Plaintiffs will recover $4,320.00 in attorney's fees for 14.4 hours of work at an hourly rate of $300.00, and **DENIED** in

all other respects.

In light of the findings in the Court's June 4, 2012 Order, the only question before the Court is the reasonableness of the requested fee. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Although counsel "is not required to record in great detail how each minute of his time was expended[,] . . . counsel should identify the general subject matter of his time expenditures." *Id.* at 437 n.12.

Plaintiffs' fee request is based upon an hourly rate of $300.00 for 18.9 hours spent litigating Plaintiffs' third motion to compel. (Doc. 106.) In support of the fee request, Plaintiffs submit the Affidavit of their counsel H. Leon Holbrook, III, which provides, *inter alia*, that Mr. Holbrook has been practicing law for over thirty years and his customary hourly rate is $300.00. (Doc. 106 at 4.) Defendant does not oppose the requested hourly rate. (*See* Doc. 111.) In light of the lack of opposition, the representations in Mr. Holbrook's Affidavit, and the Court's knowledge of the fees customarily charged in this market, *see Sheeley v. Advanced Check Processing*, 2010 WL 4569868, *3 (M.D. Fla. Sept. 13, 2010), the Court finds that the requested hourly rate of $300.00 is reasonable.

Next, the Court needs to determine the reasonable number of hours spent

litigating Plaintiffs' third motion to compel.  Reasonable hours are those that would be reasonable to bill to a client and that are not "excessive, redundant or otherwise unnecessary."  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).  Further, when a fee applicant "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."  *Hensley*, 461 U.S. at 440.  However, a fee applicant "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."  *Id.*

Plaintiffs seek to recover for a total of 18.9 hours.  (Doc. 106 at 4.)  In support, Mr. Holbrook's Affidavit provides:

> The records have been redacted and edited to only reflect time related to the Third Motion to Compel and related replies and responses.  The attached time records accurately reflect the time spent by the undersigned on the tasks delineated therein and the amount of time spent was reasonably necessary to accomplish such tasks.  All of such records were recorded contemporaneously with the work being done and all are contained in the undersigned's billing software program.  The edits, adjustments and handwritten entries are the result of culling only the applicable entries.

(Doc. 106 at 5.)  Defendant asserts that Plaintiffs should recover for not more than 8.4 hours and that Plaintiffs' time spent on the optional reply (Doc. 100), totaling 10.5 hours, should be excluded because Plaintiffs were unsuccessful in obtaining sanctions.  (Doc. 111.)

The Court disagrees with Defendant that Plaintiffs' hours spent on the subject reply should be eliminated but finds such hours should be reduced.  Plaintiffs

3

achieved more than limited success on their third motion to compel, and their optional reply included arguments for both sanctions and expenses. However, the Court finds that the time spent on the reply (10.5 hours out of the 18.9 hours requested) was excessive. Moreover, the Court is concerned that four of the five entries relating to the reply are billed to the nearest hour, which suggests imprecision in these entries. Therefore, the Court finds that Plaintiffs should recover for a total of 14.4 hours, representing six hours reasonably spent on the reply.

Multiplying these hours by the hourly rate of $300.00 produces a fee of $4,320.00. Therefore, the lodestar in this case is $4,320.00. There is no reason to adjust the lodestar regarding this discovery motion. Accordingly, Plaintiffs will be awarded attorney's fees in the amount of $4,320.00.

Accordingly, it is **ORDERED**:

1.      The Motion (**Doc. 106**) is **GRANTED** only to the extent that Plaintiffs will recover $4,320.00 in attorney's fees, and **DENIED** in all other respects.

2.      The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendant for attorney's fees in the amount of $4,320.00.

**DONE AND ORDERED** at Jacksonville, Florida, on July 27, 2012.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record