UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

W.W. GAY, *et al.*, as Trustees of the
Jacksonville Plumbers & Pipefitters
Local Union 234 Fringe Benefit Funds,

    Plaintiffs,

v.                                    CASE NO. 3:09-cv-1002-J-JBT

BRENCORP, INC., a Georgia
corporation,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Award of Attorney's Fees, Auditor's Fees and Costs Pursuant to Settlement Stipulation ("Motion") (Doc. 141), Defendant's Response Brief on Attorney's Fees ("Response") (Doc. 145), and Plaintiffs' Rebuttal to Defendant's Response ("Rebuttal") (Doc. 147). All of the foregoing were filed pursuant to the Stipulation of the Parties Settling the Amount [sic] Damages to Be Awarded, Reserving Jurisdiction for the Court to Award the Plaintiffs Their Attorney's Fees and Costs and Determine the Amount Thereof, and Partially Preserving Defendant's Right to Appeal ("Stipulation") (Doc. 139 at 3-6).[1]

**I.    Summary**

In the Motion, Plaintiffs seek entry of final judgment in the total amount of

---

[1] The Court has reviewed the Stipulation and accepts the same, both substantively and procedurally, in determining the matters in dispute.

$261,914.89 (plus post-judgment interest[2]), which includes: $110,000.00 for damages pursuant to the Stipulation[3]; $95,878.30 for attorney's fees[4] for 363.4 hours of work at the "blended" hourly rate of $263.83; $40,837.50 for auditor's fees; $7,600.00 for previously awarded attorney's fees pursuant to the Court's Orders of May 18, 2012 and July 27, 2012 (Docs. 97, 115); $6,249.09 for Court costs; and $1,350.00 for expert's fees. (Doc. 141.)

Defendant does not dispute that Plaintiffs are entitled to $110,000.00 for damages pursuant to the Stipulation, $7,600.00 for previously awarded attorney's fees, $6,249.09 for costs,[5] and $1,350.00 for expert's fees (*see* Doc. 145). Therefore, judgment will be entered for those items. However, Defendant objects to Plaintiffs' request for $95,878.30 for attorney's fees and $40,837.50 for auditor's fees. (*See id.*) With respect to the attorney's fees, although Defendant does not object to the attorneys' hourly rates, Defendant asks the Court to reduce the requested fees by 25% (which would bring the fees down to $69,930), arguing, *inter*

---

[2] The Stipulation provides: "Post-judgment interest will accrue on the judgment as provided by law." (Doc. 139 at 4.)

[3] This amount includes "unpaid contributions, interest and liquidated damages." (Doc. 139 at 3.) The Court previously ruled in favor of Plaintiffs after a bench trial solely on the issue of Defendant's liability. (*See* Docs. 69, 120, 140.)

[4] Multiplying the 363.4 hours requested by the blended hourly rate of $263.83 actually produces a fee of $95,875.82, not $95,878.30.

[5] The Court has independently reviewed Plaintiffs' itemized costs (Doc. 143-1 at 29-31), and finds them to be justified. Although Plaintiffs seek to recover $106.50 for online legal research, which is generally non-compensable, in light of Defendant's lack of opposition and the modest amount of the cost, the Court will allow it.

*alia*, that a considerable amount of the attorneys' time was spent on non-compensable secretarial tasks and that the attorneys' "timesheets are filled with block-billing." (*Id.* at 2-8.) Defendant also argues that Plaintiffs should not recover attorney's fees for the 10 hours anticipated to be spent in connection with this Motion, or for the auditor's time, which is allegedly excessive and not adequately supported. (*Id.* at 8-10.)

For the reasons stated herein, the Court rejects Defendant's objections and **GRANTS** the Motion.  Thus, Plaintiffs will recover $110,000.00 for damages, $95,875.82 for attorney's fees, $40,837.50 for auditor's fees, $7,600 for previously awarded attorney's fees in connection with two discovery motions, $6,249.09 for costs, and $1,350.00 for expert's fees, for a total judgment of $261,912.41, plus post-judgment interest.

**II.   Attorney's Fees**

Plaintiffs are entitled to reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D),[6] the parties' Collective Bargaining Agreements[7] (*see* Doc. 1 at 17,

---

[6] "In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees . . . , to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2)(D).

[7] These agreements provide in relevant part: "In the event it becomes necessary to initiate any such authorization action against any Employer, such Employer shall be obligated to pay to the respective funds attorney's fees . . . ." (Doc. 1 at 17, 37.)

37), and the parties' Stipulation[8] (Doc. 139 at 3-6).

In light of Defendant's objections to Plaintiffs' request for $95,878.30 for attorney's fees, the first question before the Court is the reasonableness of the requested fee. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Although counsel "is not required to record in great detail how each minute of his time was expended[,] . . . counsel should identify the general subject matter of his time expenditures." *Id.* at 437 n.12.

Plaintiffs' fee request is based on a "blended" hourly rate of $263.83 for 363.4 hours spent litigating this case.[9] (Doc. 141.) In support of the fee request, Plaintiffs submit the Affidavits of H. Leon Holbrook, III (Plaintiffs' lead counsel) and Stephen Harlow Durant (Plaintiffs' attorney fee expert). Mr. Holbrook's Affidavit provides, *inter alia*, that he has been practicing law for over thirty years and his hourly rate is $300.00, and that his colleague, Bethany Reichard, has been practicing law since 1999 and her hourly rate is $200.00. (Holbrook Aff. (Doc. 143) ¶¶ 2-4.) Mr. Durant's Affidavit provides, *inter alia*, that the rates claimed by Mr. Holbrook and Ms. Reichard

---

[8] "The Court shall award the Plaintiffs their attorney's fees . . . ." (Doc. 139 at 3.)

[9] Plaintiffs have excluded from this request the time spent by their attorneys in connection with two motions to compel, for which the Court has already awarded attorney's fees in the total amount of $7,600.00. (*See* Holbrook Aff. (Doc. 143) ¶ 7.)

"are below the market rate for the experience level of the attorneys involved and the nature of the matter litigated." (Durant Aff. (Doc. 142) ¶ 5(c).)

Defendant does not oppose the requested hourly rates. (Doc. 145 at 2.) Moreover, the Court has previously found that Mr. Holbrook's hourly rate of $300.00 was reasonable in connection with his work on two discovery motions. (*See* Doc. 115 at 2.) In light of the foregoing and the Court's knowledge of the fees customarily charged in this market, *see Sheeley v. Advanced Check Processing*, 2010 WL 4569868, at *3 (M.D. Fla. Sept. 13, 2010), the Court finds that the hourly rates of both attorneys ($300.00 for Mr. Holbrook and $200.00 for Ms. Reichard) are reasonable for their work on this case.

Next, the Court needs to determine whether the claimed 363.4 hours are reasonable for litigating the case.[10] Reasonable hours are those that would be reasonable to bill to a client and that are not "excessive, redundant or otherwise unnecessary." *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In support of the hours claimed, Plaintiffs submit the Affidavits of Mr. Holbrook and Mr. Durant. Mr. Holbrook's Affidavit provides in relevant part:

I personally reviewed all time entries and bills from [Holbrook, Akel,

---

[10] This number represents 353.4 hours already expended on the case and 10 hours anticipated attorney time in connection with this Motion. (Holbrook Aff. (Doc. 143) ¶¶ 8, 10.) As previously noted, this number does not include the time spent in connection with two motions to compel, for which the Court has already awarded attorney's fees in the total amount of $7,600.00. (*See id.* ¶ 7.)

> Cold, Stiefel & Ray, P.A.] for this case for appropriate editing and accuracy prior to submission to the client. All of our firm's time entries were made in good faith based on the actual amount of time spent on the task described.
> . . .
> [I]t is my opinion that the hours incurred by [Holbrook, Akel, Cold, Stiefel & Ray, P.A.] attorneys were reasonable based upon the work performed and the skill and expertise of those who performed the work.

(Holbrook Aff. (Doc. 143) ¶¶ 5, 12.)  Mr. Durant's Affidavit provides in part:

> a. Accounting cases can be more involved, take longer and be more costly than other cases due to the bifurcation that occurs many times, as occurred in this case.
> b. Plaintiffs' attorneys were careful to specifically allocate tasks and not bill more than one attorney for tasks.  Specifically, only one attorney appeared at trial for Plaintiff[s] and it is customary for more than one attorney or for an attorney to bring a paralegal for this type of proceeding.
> . . .
> Based upon the foregoing factors and affiant's examination of the attorney's file and the Affidavit of H. Leon Holbrook, III, affiant is of the opinion that 363.40 hours at the blended rate of $263.83 per hour for a total of $95,878.30 is a reasonable fee to be allowed Holbrook, Akel, Cold, Stiefel & Ray for services rendered in this case.

(Durant Aff. (Doc. 142) ¶¶ 5-6.)

Defendant asks the Court to reduce the requested fees by 25% (or down to $69,930), arguing that a considerable amount of the attorneys' time was spent on secretarial tasks, which are not compensable.  (Doc. 145 at 2-8.)  The Court rejects this argument.  First, the Court finds it significant that Defendant's argument is not supported by the affidavit of an attorney willing to swear under oath that, in his or her opinion, Plaintiffs' claimed attorney's fees are unreasonable.  This lack of proof is even more significant because the parties' own Stipulation appears to contemplate

such an affidavit. (*See* Doc. 139 at 4.) Second, although Defendant provides excerpts of allegedly objectionable time entries, a close examination of the complete entries, along with Plaintiffs' explanations for those entries, convinces the Court that the attorney time spent was appropriate. The arguable small amount of clerical time spent by an attorney was justified in the circumstances, such as, for example, involvement in the arrangements for a key witness's video conference testimony at trial.[11]

Defendant also asserts that many of the attorneys' "timesheets are filled with block-billing" and that certain time entries are vague. (Doc. 145 at 4-7.) Although block-billing may justify a reduction of counsel's hours in some cases, this case does not present such a situation for at least two reasons. First, the entries are so well-detailed and informative that the lack of segregation does not interfere at all with the Court's task to determine the reasonableness of the time spent. Second, as previously ruled, there are no objectionable tasks that need to be eliminated from the computation of counsel's hours. As it is not necessary to separate out any particular tasks from any of the time entries, and given the informative and detailed nature of the entries, block-billing should not result in any reduction in this case. *Cf.*

---

[11] Defendant also points out that some of Plaintiffs' time entries have been redacted, making it impossible to determine whether the work was clerical or otherwise non-compensable. (Doc. 145 at 5-6.) However, as part of their Rebuttal, Plaintiffs have provided the Court with updated billing records that reflect only a few properly-redacted entries. (Docs. 147-2, 147-3, 147-4, 147-5, 147-6, 147-7, 147-8.) Upon review of those records, the Court is satisfied that the previously redacted entries do not warrant a reduction in Plaintiffs' hours.

*Bujanowski v. Kocontes*, 359 Fed. App'x 112, 114 (11th Cir. Dec. 30, 2009) (per curiam) (finding that "an across-the-board cut" of counsel's hours was appropriate, particularly in light of the block-billing nature of some of the entries, which made it difficult to determine the exact time spent on compensable versus uncompensable tasks); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1335 (M.D. Fla. 2002) (excluding the time for the entire entry where "a number of tasks are grouped under one time entry and some of the tasks are compensable and some are not"); *Reilly v. Duval County Pub. Schs.*, 2007 WL 2120551, *2 (M.D. Fla. July 23, 2007) (finding a reduction of the total fee awarded by a percentage "especially appropriate in cases such as this where attorneys have engaged in block billing which makes it much more difficult to segregate out excessive time"). Moreover, the Court does not find any of counsel's time entries to be "excessively vague," by, *e.g.*, "fail[ing] to adequately describe the work." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010). To the contrary, as noted, the billing is well-detailed and informative.

Finally, Defendant argues that Plaintiffs should not recover attorney's fees for the 10 hours anticipated attorney time to be spent in connection with this Motion. (Doc. 145 at 8.) However, Plaintiffs' updated billing records attached to the Rebuttal indicate that the anticipated time, plus some additional time, has already been expended in connection with this Motion. (*See* Doc. 147-8.) Moreover, the subject time entries are neither vague nor otherwise objectionable. Therefore, Plaintiffs will

be allowed to recover for the 10 hours requested, resulting in a total of 363.4 hours for work on this case.

Multiplying these hours by the blended hourly rate of $263.83 produces a fee of $95,875.82. Therefore, the lodestar in this case is $95,875.82. While the Court may adjust the lodestar upward or downward, an adjustment has not been requested and the Court does not find it appropriate in this case. Accordingly, Plaintiffs will be awarded attorney's fees in the amount of $95,875.82.

### III.     Auditor's Fees

Plaintiffs are entitled to auditor's fees pursuant to the parties' Collective Bargaining Agreements (*see* Doc. 1 at 17, 37), the Stipulation (Doc. 139 at 3-6), and 29 U.S.C. § 1132(g)(2). The Collective Bargaining Agreements mandate the payment of "expenses incurred by the respective Trustees" in this type of action. (Doc. 1 at 17, 37.) Further, the parties' Stipulation expressly provides for an award of costs and states that "[t]he auditor's fees and costs may also be established based on an affidavit from the auditor." (Doc. 139 at 3-4.) In addition, § 1132(g)(2) mandates an award of "costs of the action" and "such other legal or equitable relief as the court deems appropriate" when "a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2)(D)-(E).

Plaintiffs seek an award of $40,837.50 for auditor's fees for 181.5 hours worked at an hourly rate of $225.00. (Docs. 141; 144-1.) In support, Plaintiffs submit the Affidavit of their auditor Charles R. Shoffner, a licensed Certified Public

Accountant ("CPA") since 1983. Mr. Shoffner's Affidavit provides in part:

> 2. I am an experienced auditor and I have been the auditor for the Jacksonville Plumbers and Pipefitter Local 234 Pension Fund and Health and Welfare Fund for twenty-four years. I began doing their work in July 1988.
> 3. I was retained by the Plaintiffs in this case to do an audit of Brencorp, Inc.'s records to determine the amount of Fringe Benefit Contributions owed by Brencorp, Inc.
> . . .
> 9. Brencorp never produced all of the records requested and therefore I had to spend a substantial amount of time identifying the records not produced and I had to manually create a spreadsheet showing all of the man hours worked in the jurisdiction of Local 234 because no computer records were provided to me showing that work.
> 10. I had to interpolate the amount of hours worked for several periods of time based on the Florida Unemployment UCT-6 reports filed by Brencorp with the State of Florida because Brencorp did not produce accurate records.
> 11. There were substantial inconsistencies in Brencorp's records showing hours worked by laborers in Florida on one day and the same laborers working in California and Virginia on the same day or subsequent days with no record of travel time. Such discrepancies in the records suggested that Brencorp's records were not accurate.
> 12. After my report was due, Brencorp produced computer reports showing total man hours which, had they been provided to me originally, could have saved me substantial hours in work and doing my audit.
> 13. The audit resulted in the production of a 360 page spreadsheet because I had to go through the manpower reports and other records produced by Brencorp and manually enter the hours worked by each laborer in the jurisdiction of Local 234 for each day during the applicable time period. I also had to prepare other spreadsheets to interpolate the amount of hours worked for time periods where daily manpower reports were not provided. A copy of the spreadsheet is attached as Exhibit "B".
> . . .
> 15. I kept accurate time records of my time, which are attached as Exhibit "A".
> 16. My hourly rate is $225.00 which is reasonable and customary for auditors.

10

>    17.   In my opinion the amount of $ 40,837.50 is reasonable for my fees.

(Shoffner Aff. (Doc. 144) ¶¶ 2-3, 9-13, 15-17.)

Defendant asks the Court to disallow the entire auditor's fee, arguing that the time spent by Mr. Shoffner is excessive and not adequately supported. (Doc. 145 at 8-10.) Defendant submits the Affidavit of its own accounting expert, James M. Garry, CPA, to rebut Mr. Shoffner's representations.[12]  In his Affidavit, Mr. Garry represents:

>    4.   I was retained by Brencorp, Inc. to review the records to determine the amount of Fringe Benefit Contributions, if any, owed to the Plumbers & Pipefitters Local Union 234. Moreover, I was retained to review the Plaintiffs' report and provide a rebuttal.
>    5.   To perform the work required, I made an on-site visit to Brencorp that lasted for two days and worked closely with the accounting department to obtain all the necessary reports and document [sic] to properly make the calculations and write my report. I find an on-site visit to be more thorough, efficient and expedient. I found the reports to be thorough and complete, and I also crossed [sic] checked the reports to other related documents and reports like time cards to test for accuracy and found no exceptions. The defendant does all payroll processing in house and uses a popular construction software for their accounting that allowed me to properly mine the data and focus the reports to the periods and jobs in question.
>    6.   I find it hard to believe that Charles R. Shoffner spent 181 hours (approximately 5 weeks of time) himself to determine the amount of Fringe Benefit Contributions owed to the Plumbers & Pipefitters Local Union 234.

---

[12] Although Mr. Garry's Affidavit provides, *inter alia*, that it is "hard to believe that Mr. Shoffner produced four binders of work without using staff members at a much lower bill rate to assist in his review of this case" (Doc. 145-1, ¶ 7), Defendant does not appear to object to Mr. Shoffner's hourly rate, which is lower than Mr. Garry's rate (*see* Doc. 145).

11

> . . .
> 8. My hourly rate is $250 and my fees for my report and rebuttal were $3,875 (not including travel costs which were approximately $1,000). I kept accurate time of my work.
> 9. In my opinion the amount of $40,837.50 is unreasonable for the work that needed to be performed. I believe the work that Mr. Shoffner needed to do in the above case can easily be performed for $7,000 and that includes all reports and rebuttal work.

(Garry Aff. (Doc. 145-1) ¶¶ 4-6, 8-9.)

As part of the Rebuttal, Plaintiffs filed the second Affidavit of Mr. Shoffner, which provides in part:

> 4. This Affidavit is in response to the Affidavit of James M. Garry, C.P.A. . . .
> 5. . . . Brencorp did not provide to the Plaintiffs the same information, data and access to their accounting records as it appears to have provided to Mr. Garry.
> . . .
> 7. Brencorp chose not to provide me the summary reports that it provided to Mr. Garry even though such reports were requested and the Court Ordered [sic] Brencorp to do so. If I had received the information that I requested it could have saved me a tremendous amount of time and possibly could have allowed me to apply standard audit procedures recommended by the American Institute of Certified Public Accountants (AICPA). Instead, I was forced to use non-traditional methods and techniques that required a tremendous amount of time to determine the fringe benefit obligation amount owed by Brencorp, Inc. I had to analyze all the hours on all the daily reports, and create the 360 page spreadsheet to obtain information that Mr. Garry claims was provided to him by Brencorp in summary format.

(Shoffner 2d Aff. (Doc. 147-9) ¶¶ 4-5, 7.)

Although Defendant makes a much better argument for reducing the auditor's fee than it does for reducing attorney's fees, the Court finds that Plaintiffs have

provided adequate support for an award of $40,837.50 for Mr. Shoffner's work in this case. First, based on the representations made in Mr. Shoffner's Affidavits, which are consistent with the Court's own knowledge of this case, including Defendant's prior sanctionable conduct (*see, e.g.*, Docs. 97, 115), the Court finds that the time expended by Mr. Shoffner was not excessive. In making this finding, the Court has considered Mr. Shoffner's extensive auditing experience, including his twenty-four years of auditing for the Jacksonville Plumbers and Pipefitter Local 234 Pension Fund and Health and Welfare Fund (the very funds at issue in this case), and his convincing explanation for the seemingly excessive amount of time spent, *i.e.*, Defendant's lack of cooperation in providing timely information. The Court will not reward Defendant for this lack of cooperation, nor will it punish Plaintiffs for ensuring that their audit was as accurate as possible despite the difficult circumstances they faced.

The Court has also considered Mr. Garry's Affidavit and professional expertise, and notes that he also appears well-qualified. However, given the starkly different conditions in terms of Defendant's cooperation and assistance under which Mr. Garry and Mr. Shoffner performed their work, the Court gives little weight to Mr. Garry's opinion that Mr. Shoffner's work could have easily been performed for $7,000. (Garry Aff. (Doc. 145-1) ¶ 9.)[13]

---

[13] Neither party submitted an affidavit from an independent auditor not previously connected with the case to opine on the reasonableness of Mr. Shoffner's fee. Therefore,
(continued...)

Finally, Defendant argues: "An attorney could not recover without detailed time entries, and the accountant should not be able to either, especially one that rounds so aggressively to whole hours." (Doc. 145 at 10.) However, Defendant cites no case law in support of this argument. Moreover, Mr. Garry's Affidavit does not support it. Regarding time entries, he states only: "I kept accurate time of my work." (Garry Aff. (Doc. 145-1) ¶ 8.) The Court is not convinced that the same standard should apply given a court's much greater ability to judge attorney time entries and the potentially different billing customs in each profession. Suffice it to say that in this case, Mr. Shoffner's Affidavits, which evidence his qualifications and which are entirely consistent with the Court's knowledge of this case, convince the Court that his time records are accurate and the amount of time spent reasonable and necessary.[14] Therefore, an award of $40,837.50 for Mr. Shoffner's work is appropriate.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 141**) is **GRANTED**. Plaintiffs shall recover $110,000.00 for damages, $95,875.82 for attorney's fees, $40,837.50 for auditor's

---

[13](...continued)
the Court does not draw a conclusion either way based on such lack of proof.

[14] In his Affidavit, Mr. Garry also does not specifically address that Mr. Shoffner's billing appears to be to the nearest quarter hour or the three days when Mr. Shoffner's time was equal to or in excess of twelve hours. Thus, the Court has no specific evidentiary basis to question this method of billing or these particular entries. Given all the facts and circumstances discussed above, the Court declines to reduce the requested amount as a result of these matters.

fees, $7,600 for previously-awarded attorney's fees, $6,249.09 for costs, and $1,350.00 for expert's fees, plus post-judgment interest.

2. The Clerk of Court shall enter final judgment in favor of Plaintiffs and against Defendant in the total amount of $261,912.41, plus post-judgment interest at the rate provided by 28 U.S.C. § 1961, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 11, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record